J. C. GRABBE, Appellant, v. J. T. MOFFIT, as Receiver of the
Fraternal Brothers of the World, Appellee.

Receivers: EXPERT ACCOUNTANTS: COMPENSATION. An expert ac-
countant employed by a receiver under authority from the
court is subject to the direction of the receiver, and is not
entitled to compensation for services performed in excess of
or in opposition to the explicit instructions of the receiver.

*Appeal from Cedar District Court.*— HON. J. H. PRESTON,
Judge.

FRIDAY, JANUARY 11, 1907.

THE opinion states the case.

*Franze & Rowell* and *Chamberlin & Peterson,* for ap-
pellant.

*T. B. Hanley,* for appellee.

WEAVER, J.— On July 1, 1902, the appellee was ap-
pointed by the district court receiver of a fraternal insurance
organization known as the " Fraternal Brotherhood of the
World," and entered upon the business of winding up its
affairs. Soon after his appointment the receiver obtained
authority from the district court to employ the appellant or
other suitable person as an expert accountant to " examine
the financial condition of said society " and " make his report
in writing to said receiver." Having been employed pursu-
ant to this authority, plaintiff, with his assistants, entered
upon the examination of the books and records of the society,
and continued therein for several months, receiving therefor
at the hands of the appellee a compensation of about $2,000.
This expense being much in excess of what had been antici-
pated, the receiver on December 2, 1902, terminated the

work of investigation by the special accountants, and on that date, and again on December 5th, requested appellant to make and send him a report of the result not later than the evening of December 6th. In this connection the receiver said to the appellant: "I do not care for a long report. All I want to know at this time is to what funds the money on hand belongs and the condition of the Williams account. I want you to get it out with as little expense as possible." The report was not furnished until more than two months after the date it was called for, and consists, as we understand the record, of a detailed statement or recapitulation of the entire business of the society during its history before the appointment of the receiver; and for the services of the appellant and his assistants in the preparation of this report he presented a bill for $504, and asked the court to allow the same as a part of the expenses of the receivership. The receiver resisted this claim as unreasonable and excessive, and the court allowed it in the sum of $50 only. From this order the claimant has appealed.

We find no error in the proceedings. Appellant appears to entertain the view that he was not the employé of the receiver, but was acting under the appointment of the court, by which he was charged with the duty of making a full and complete report of his examination, and that the receiver had no authority to order him to abridge such report or limit its scope to a few specific items. In this we think he was mistaken. It was the receiver who was charged with the responsibility of settling the business of the society. It was the receiver who was authorized to employ the claimant, or any other suitable person whom he might select as an expert accountant. It was the receiver to whom the report was to be made, and it was primarily for the assistance of the receiver that appellant was employed. When the receiver asked him for a brief report upon specific items, showing results, rather than the various steps by which the results had been found, it was not his business or his duty to insist on do-

ing more than he was asked to do. If the receiver's report to the court was not sufficiently full or complete, that was a matter between himself and the court and the parties in interest, and no responsibility therefor rested upon appellant. If the appellant had complied with the receiver's direction, and was subjected to criticism because of the brevity of his report, he had only to reply that he had obeyed the orders of his employer in that respect. At the time of his employment appellant gave to the receiver an estimate of the probable expense of the examination at $300 to $400, and when, thereafter, the receiver found himself involved in an expense of some $2,000 on that account, it is not at all surprising that he sought to avoid further expenditure on that score.

In view of the character and extent of the report called for by the receiver, a claim that its preparation required no less than seventy-four days' labor by expert accountants, besides the services of a stenographer, in all reasonably worth $504, borders closely upon the absurd. The hearing was had before the court where the original order was made, and the final order entered is fairly supported by the record and by the testimony of witnesses there present in person. For the work, if any, performed by the appellant in excess of or in opposition to the explicit direction of the receiver, he is not entitled to recover; and for such work as came fairly within the scope of his instructions we think the estimate placed thereon by the trial court is just.

No reversible error appears, and the judgment of the district court is *affirmed.*